UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
                                                                                   :

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

No. 24-CV-00220 (VDO)

KARL HENCK,

                     Plaintiff,

    -against-

CHASE NISSAN LLC *et al.*,

                   Defendants.
------------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Karl Henck has filed suit against Chase Nissan LLC, a Connecticut car dealership doing business as Manchester City Nissan, and its employee Aiham Alkhatib. He claims that the defendants violated his rights under federal and state law in an automobile sale.

The defendants have moved to dismiss Henck's suit entirely, and Henck has twice moved to amend his complaint. Because Henck does not allege plausible grounds for relief against the defendants and because amendment would be futile, the Court grants the motion to dismiss and denies Henck's motions to amend.

**I.    BACKGROUND**

The Court accepts the facts as stated in Henck's complaint as true for the purposes of this ruling. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In November 2022, Henck visited Manchester City Nissan, which had advertised a "Nissan Certified Pre-Owned"

car for $15,500.[1] Aiham Alkhatib, the finance director at Manchester City Nissan, informed Henck that three "extras" had to be added to the sale in order to finance the purchase of the car.[2] These extras increased the advertised price by $4,341, resulting in a total purchase price of $19,841.[3] Henck signed the sales contract and took possession of the car three days later.[4] Henck was unable to confirm that the car was "Nissan Certified Pre-Owned."[5]

On February 20, 2024, Henck initiated this suit against Chase Nissan LLC and Aiham Alkhatib.[6] He seeks injunctive relief and over $4.2 million in damages for violations of his rights under the Lanham Act, 15 U.S.C. § 1125(a), federal common law, state common law, and state statutory law.[7] The defendants have moved to dismiss all claims, arguing that this Court lacks federal subject matter jurisdiction over this case, and Henck has twice moved to amend his complaint a second time.[8]

## II.   DISCUSSION

The standard that governs a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is well established. A complaint may not survive a motion to dismiss unless it alleges facts that taken as true give rise to plausible grounds to sustain a plaintiff's claims for relief.

---

[1] ECF No. 24 at 5 (¶ 13). Henck's original complaint is found at ECF No. 1, and he amended his complaint once as of right. ECF No. 24; *see* Fed. R. Civ. P. 15(a)(1)(B).

[2] *Id.* at 5–6 (¶¶ 15–16). These extras were the "Chase Auto Care (Complete Care Platinum Plus)," the "Prepaid Maintenance Agreement," and "Total Protection Wrap." *Id.* at 5 (¶ 15).

[3] *Id.* at 6 (¶ 16), 8 (¶ 27).

[4] *Id.* at 6 (¶ 17).

[5] *Id.* at 10–11 (¶ 51).

[6] ECF No. 1.

[7] ECF No. 24 at 7–14.

[8] ECF No. 27; ECF Nos. 32, 37. Henck has also filed numerous miscellaneous motions for relief. *See* ECF Nos. 34, 39, 43.

*See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 96 F.4th 327, 338 n.7 (2d Cir. 2024).[9] This "plausibility" requirement is "not akin to a probability requirement," but nonetheless "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Federal courts are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). Henck invokes three sources of federal subject matter jurisdiction in this case.[10] First, federal courts have "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Second, federal courts have "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Third, federal courts have jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333 (1); *see also* U.S. Const., Art. III, § 2 ("[t]he judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction"). Additionally, so long as a federal court has both personal and subject matter jurisdiction over an action, that court may exercise supplemental jurisdiction over other claims that are so closely related to the federal claims as to "form part of the same case or controversy." 28 U.S.C. § 1367(a).

But a federal court must dismiss a complaint if, at any time, it is clear that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Here, defendants argue that Henck fails to establish federal subject matter jurisdiction, and thus argue that this Court should

---

[9] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

[10] ECF No. 24 at 2 (¶ 2), 3 (¶¶ 5-6).

dismiss Henck's complaint as Rule 12 requires.[11] Accordingly, the Court proceeds to examine each claimed source of federal subject matter jurisdiction in turn.

First, Henck alleges that this Court has federal question jurisdiction over this action because he brings claims under the Lanham Act, a federal law.[12] Specifically, Henck alleges that defendants falsely advertising that the car was "Nissan Certified" and that its purchase price was $15,500.[13] To maintain a suit under the Lanham Act, a plaintiff must show that his injury falls within the "zone of interests" protected by the statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014); *see also Moreland v. Beso Lounge & Rest. LLC*, No. 19-CV-958, 2020 WL 5302312, at *4 (D. Conn. Sept. 4, 2020). The Supreme Court has explained "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc.*, 572 U.S. at 131–32; *see Souza v. Exotic Island Enter., Inc.*, 68 F.4th 99, 118 (2d Cir. 2023). Accordingly, "[a] consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." *Lexmark Int'l, Inc.*, 572 U.S. at 132. Or, as the Supreme Court has otherwise explained, suits under the

---

[11] *See generally* ECF No. 27 at 1.

[12] ECF No. 24 at 2 (¶ 2) (noting that jurisdiction in this action is premised, in part, on 28 U.S.C. § 1331), 9–12.

[13] *Id.* at 9–12. The Lanham Act, in relevant part, makes liable "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a).

Lanham Act are "for competitors, not consumers." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014).

Henck has not alleged that he is defendants' competitor; rather, he explicitly identified himself as a "consumer."[14] Nor does Henck attempt to rebut defendants' contention that he is a consumer.[15] Courts routinely dismiss complaints by consumers seeking to recover under the Lanham Act. *See, e.g.*, *Clark v. Santander Bank N.A.*, No. 22-CV-39, 2023 WL 7110558, at *9 (D. Conn. Oct. 27, 2023); *Bailon v. Pollen Presents*, No. 22-CV-6054, 2023 WL 5956141, at *9 (S.D.N.Y. Sept. 13, 2023). Because Henck's claims are foreclosed by precedent, the Court finds that they are wholly immaterial and that Henck has not raised a colorable Lanham Act claim, and will dismiss the claims for lack of subject matter jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (holding that a claim invoking federal question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not colorable; that is, if it is "wholly insubstantial and frivolous.").

Absent Henck's federal statutory claims, only his references to "federal common law" remain to support his invocation of federal question jurisdiction.[16] As an initial matter, "[t]here is no federal general common law." *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Instead, only limited areas exist in which federal judges may appropriately craft the rule of decision" in order "to protect uniquely federal interests." *Rodriguez v. Fed. Deposit Ins. Corp.*, 589 U.S. 132, 136 (2020). But Henck has not alleged any "uniquely federal interest" implicated

---

[14] ECF No. 24 at 12–13 (¶¶ 63, 71) (referring to Henck as "me, the consumer").
[15] *See* ECF No. 27 at 2–3.
[16] ECF No. 24 at 2–3 (¶¶ 1, 3, 5, 8), 10 (¶ 49).

in his purchase of a car. Nor could he so allege, because the Supreme Court has held that "uniquely federal interests" arise in only a few areas: (1) contracts to which the United States has obligations or is owed performance; (2) the liability of federal officers for official acts; and (3) civil liabilities arising out of federal procurement contracts in the context of national defense. *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988). The transaction that Henck describes implicates none of these narrow areas.

Third, Henck's invocation of the Court's admiralty jurisdiction to supply subject matter jurisdiction is similarly unavailing.[17] A plaintiff who, like Henck, relies on admiralty jurisdiction "must invoke a theory cognizable in admiralty." 29 Moore's Federal Practice - Civil § 704.01. Henck seeks to rely on admiralty jurisdiction to bring tort claims related to the automobile transaction, so he must satisfy a two-part test to establish that jurisdiction: "First, the alleged tort must have occurred on or over navigable waters." *Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 298 (2d Cir. 2009). And "[s]econd, the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce." *Id.* Henck's claims arise out of a routine automotive transaction and clearly satisfy neither prong.

Nor is the Court persuaded by Henck's argument that as a citizen of the United States, he is a "vessel" for the purposes of this Court's admiralty jurisdiction. ECF No. 24 at 3 (¶ 6). He argues that he is a "vessel" and that this Court has admiralty jurisdiction because that jurisdiction extends, in part, to "*any vessel belonging* in whole or in part to the United States

---

[17] Admiralty jurisdiction and federal question jurisdiction are separate sources of federal subject matter jurisdiction. *See In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 101 (2d Cir. 2005).

or any citizen thereof." 18 U.S.C. § 7(1) (emphasis added). Henck's attempt to redefine "vessel" is unavailing because the United States Code provides a specific definition for the term's usage in the Code: "The word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. Because an automobile is neither a watercraft nor capable of being used as one, and because the alleged unlawful conduct did not occur on or over navigable waters, the Court concludes that Henck has not raised a cognizable admiralty law claim and, as a result, that this Court's admiralty jurisdiction cannot supply subject matter jurisdiction in this action.

Fourth, Henck's invocation of diversity jurisdiction is also insufficient to confer federal subject matter jurisdiction over this action. Even though Henck seeks over $4.2 million in damages, he does not allege that he and the defendants are citizens of different States. Rather, the complaint clearly states that all parties are citizens of Connecticut.[18] In the absence of federal diversity jurisdiction, and because there are no facially plausible federal claims against the defendants, the Court declines at this early stage of the litigation to exercise supplemental jurisdiction over Henck's state common law and state statutory law claims. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013); *Idlibi v. Conn. Dep't of Public Health*, No. 23-CV-353, 2024 WL 920728, at *7 (D. Conn. Mar. 4, 2024).

---

[18] ECF No. 24 at 3–4 (¶¶ 8–10). In a later filing, Henck alleges that Chase Nissan LLC has been sold. ECF No. 44. But diversity jurisdiction is evaluated at the time the plaintiff commenced the action. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). Accordingly, any later change in citizenship could not create diversity jurisdiction for this action because no such jurisdiction existed at the time of the action's filing.

The Court has dismissed Henck's Lanham Act and federal common law claims, determined that Henck has not raised a colorable admiralty law claim, concluded that it lacks diversity jurisdiction, and declined to exercise supplemental jurisdiction. As a result, the Court does not have subject matter jurisdiction over this case. All that remains is to determine whether Henck should be granted leave amend his complaint in an attempt to raise claims sufficient to confer federal subject matter jurisdiction.

Although he has already amended his complaint once by right, Henck has also twice moved to amend his complaint a second time, attaching proposed second amended complaints to each motion.[19] Rule 15 of the Federal Rules of Civil Procedure instructs that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend a complaint may be denied when amendment would be futile. *See Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014). In each of his proposed second amended complaints, Henck abandons his Lanham Act claims and instead alleges violations of his rights under federal common law, common law, and state law.[20] But the proposed second amended complaints both arise from the same set of facts. And each therefore fails to establish either admiralty jurisdiction, federal question jurisdiction, or federal diversity jurisdiction for the same reasons that that the operative complaint failed to establish federal jurisdiction. The Court must therefore deny Henck's motions to amend his complaint because amendment would be unable to establish federal jurisdiction and is thus futile.[21]

---

[19] ECF Nos. 32, 37.

[20] ECF No. 32-1 at 1–2 (¶ 3), 6–18; ECF No. 37 at 1–3 (¶¶ 1–6).

[21] Defendants also argue that Henck signed an arbitration agreement and request that the Court compel arbitration in accordance with the terms of that agreement. ECF No. 27 at 7–9. But because

## III. **CONCLUSION**

For the reasons set forth above, the Court GRANTS the defendants' motion to dismiss (ECF No. 27). Henck's motions to amend his complaint (ECF Nos. 32, 37) are DENIED because amendment would be futile. And because the Court dismisses the action in full, Henck's various motions for miscellaneous relief are DENIED as moot. ECF Nos. 34, 39, 43.

The Clerk of Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Hartford, Connecticut
February 8, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

the Court lacks subject matter jurisdiction over this dispute, it therefore lacks the power to enter an order compelling the parties to arbitrate this dispute. *See Branch of Citibank, N.A. v. De Nevares*, 74 F.4th 8, 21–22 (2d Cir. 2023).